THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH LEONARD PLASKETT, Appellant.

Court of Special Sessions of City of New York, Appellate Part, First Department, June 2, 1939.

*Jacob Padawer*, for the appellant.

*Thomas E. Dewey, District Attorney* [*Whitman Knapp, Deputy Assistant District Attorney*, of counsel], for the respondent.

PER CURIAM. Judgment affirmed upon the opinion of Hon. PETER A. ABELES, City Magistrate.

Present — BAYES, P. J., PERLMAN and KOZICKE, JJ.

The opinion of Hon. PETER A. ABELES, City Magistrate, was as follows: The defendant was charged, under the Code of Criminal Procedure, section 899, subdivision 3, with being a person pretending to tell fortunes, and therefore, a disorderly person under that subdivision of the section.

The evidence fully sustains the charge.

A passing reference to a phase of the defense, without going fully into the voluminous record, may not be out of place. Article 13 of the Religious Corporations Law authorizes the incorporation of Spiritualist churches in connection with the General Assembly of Spiritualists. Section 272 of the article reads: " The word church as used herein shall mean any church or society organized for the purpose of worshipping as Spiritualists as a religion."

Section 268 of the same article is as follows: " The ministerial and clerical attendants of any such church shall be called, elected and removed and their salaries fixed as such corporation in its by-laws shall provide, but no such church shall call, or elect any such person to perform any of the duties of minister or clerical attendant who has not been regularly commissioned so to act by the General Assembly of Spiritualists according to its rules, after examination into the character and qualifications of such person by its committees regularly appointed, nor shall any such church retain any person as its minister or clerical attendant after it has been regularly notified that such person has been suspended or removed according to the rules and regulations of the General Assembly of Spiritualists covering such matters."

The defendant gave in evidence a certified copy of the certificate of incorporation of " All Souls Spiritualists Church," dated August, 1927, and, as a witness in his own behalf, said that he was a pastor of All Souls Spiritualists Church. I pass as unimportant the circumstance that no documentary or other written evidence of an act of the General Assembly of Spiritualists commissioning him, regularly or otherwise, to act as ministerial or clerical attendant of All Souls Spiritualist Church or any other Spiritualist church was given in evidence.

With substantially the foregoing as a premise the defendant claimed for himself, under the second clause or phrase of subdivision 3 of section 899 of the Code of Criminal Procedure, immunity from prosecution for being a person pretending to tell fortunes.

This section, omitting what is not pertinent here, reads:

" Sec. 899. Who are disorderly persons. The following are disorderly persons: * * *

" 3. Persons pretending to tell fortunes, or where lost or stolen goods may be found; but this subdivision shall not be construed to interfere with the belief, practices or usages of an incorporated ecclesiastical governing body or the duly licensed teachers or ministers thereof acting in good faith and without personal fee."

I cannot find in the legislative grant of the facility of incorporation to those exercising the right of *worshipping* as Spiritualists as a religion any license to pretend to tell fortunes. Definitions, although hardly necessary, may be referred to. " Fortune * * * that which is to befall one; fate; destiny; as, to tell one's *fortune.*" (Webster's New Int. Dict. 1931, p. 856.) " Fortune telling. The practice or art of professing to reveal future events in the life of another." (Id.) " Fortune teller. * * * One who professes to tell future events in the life of another." (Id.)

In the preface to the Hymnal of the General Assembly of Spiritualists (Copyright 1936) the following appears:

" Its *policy* [referring to the General Assembly of Spiritualists] is * * *

" The recognition and demonstration of the gift of prophecy, clairvoyance, clairaudience, trance and other forms of mediumship;

" The continued adherence of a policy of *sharp distinction* between honest mediumship and tricky imitations, hereby declaring its emphatic opposition to all base use of mediumship and the sensational display thereof, keeping a *clear line of distinction* between mediumship and *fortune telling.*

" The *aim* of the General Assembly of Spiritualists is a continued effort to raise its standard, to encourage study classes, lyceums, reading courses, dissemination of Spiritualist literature, and research work in Psychic phenomena." (Brackets and italices mine.)

Evidence of " good faith " of the defendant in his practice there was none; but, on the contrary, the want of it appears affirmatively from what was presented in his behalf. Fred W. Schneider, a member of the board of directors of the General Assembly of Spiritualists, whom the defendant called as a witness to expound the belief, said: " Q. You're not a medium? A.: Yes, I work on that. Q. You work as a medium? A. Yes, I do. Q. Are you recognized as a minister? A. No, I have no ministerial connection, I have no ministerial title at all. I have no church or nothing." He added: " I've been President of the Spiritual and Ethical Society, Hotel Astor; been down there now for fifty-one years " (Record, p. 67), and to the leading question put to him by the defendant's counsel: " Q. But you have been tested by the Spiri-

tualists' Directors and those who are authorized to do it and make such tests, and found to be a medium, is that right? A. Sure." (Record, p. 68.)

The complaint was read to this witness, thus: " Defendant sitting opposite deponent, closed his eyes and asked, ' Who is Sarah? She is in the spirit world. She is here and asks me to say everything is all right. I see you going to a home of your own *in the middle of the summer;* that home will be in the country. There is a man interested in you, and wants you to have this home. *I see another man. This man is your husband. He is with another woman; he is finished with her, as he is in trouble with the law at the present time. He has ulcers of the stomach. You will get a cablegram notifying you of his death. You will receive that notice in July.* There is a club interested in you, and *in October, through this club, you will get a good position.'* " (Italics mine.) The witness was asked what his opinion would be assuming the truthfulness of the testimony given in support of its allegations. His answer was: " I'd say it was against our principles, yes." (Record, pp. 55, 56.)

There remains to be observed with relation to the statements of the complainant which I have above underscored that the complaint was an unmarried lady at the time of the " reading " the defendant gave her.

The defendant is found guilty.